## Augustus Donnelly, Appellee, v. George W. Walsh et al., Appellants.

### Gen. No. 15,699.

INJUNCTIONS—*when temporary erroneous.* It is improper to grant a temporary injunction if it does not appear from the bill filed that any inference can be drawn of impending danger necessitating a temporary injunction to avert.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1909. Reversed with directions. Opinion filed July 12, 1909.

HELMER, MOULTON & WHITMAN and BENSON LANDON, for appellants.

VICTOR M. HARDING and SPENCER L. ADAMS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Appellants appeal from an interlocutory order of the Circuit Court denying their motion to dissolve an injunction and continuing said injunction in force.

We gather from the averments of the bill that the appellant corporation was chartered under the laws of this state January 13, 1892, to deal in teas, coffees, spices, baking powders, extracts and grocery specialties, with a capital stock of 300 shares of the par value of $100 each; that its principal place of business is in Chicago; that since its organization it has done a profitable business and paid large dividends upon its stock to its stockholders; that its assets and resources are several times in excess of the par value of all its stock; that on February 9, 1909, when the bill was filed, all its stock was issued and held by the following persons as follows:

George W. Walsh.....................151 shares
Augustus Donnelly ................. 60   "
Harriet L. Swift................... 40   "
John L. Baker...................... 38   "
Alva H. Adams...................... 9   "
Harry H. Walsh..................... 1   "
Walter Sheppard ................... 1   "

that appellee became possessed of his sixty shares about January, 1902, since which time he has received the dividends thereon declared by the company; that originally the board of directors consisted of three persons, but that at the January, 1909, meeting the number was increased to five, and at that meeting George W. Walsh, Walter Sheppard, Harry F. Walsh, Alva H. Adams and John L. Baker were elected directors; that after the organization of the newly elected board, the salaries of the officers were fixed by it, that of Walsh as president being placed at $8,000 a year;

that Walsh took no part and did not vote on the motion fixing his salary, and that prior to that time Walsh's salary as president was $4,000 and less. It is alleged that such salary is excessive and exorbitant; that the previous salary of $4,000 was more than Walsh's services were worth; that he had no increase in his duties; that the earnings of the company did not warrant the increase, but rather called for a diminution of salary, owing, it is said, to Walsh's misapplication of the funds of the company. An *ultra vires* act is alleged, which has since been eliminated from the cause by a modification of the injunctional order, and may therefore be disregarded. So far as the present status of the case is concerned, the relief prayed is an accounting between Walsh and the company, a rescinding of the action increasing the number of the members of the board of directors from three to five, that the court call a stockholders' meeting to elect a new board of directors of three members, that the new board be directed to declare a dividend upon the stock of the company and pay it to the stockholders, that the payment of increased salary to Walsh may be declared to be exorbitant, unreasonable and illegal, that the same be ordered refunded to the company, and that the further payment of such increased salary may be enjoined temporarily and permanently; that a receiver be appointed to take charge of the company and its assets and to carry on its business, etc., until the further order of the court.

A temporary injunction was granted as prayed. The company and Walsh filed their joint and several answer to the bill, denying those matters charged attacking the legality or *bona fides* of the actions of the company and Walsh, the particulars of which, in the view we take of the injunctional order, are not important to our decision. To this answer appellee filed the usual replication. Appellants thereupon moved to dissolve the preliminary injunction, which motion was heard by the chancellor upon the pleadings and several affidavits

supporting the facts alleged in the bill and averred in the answer. The court eliminated the matter enjoined, claimed to be an *ultra vires* action of the company, and continued the injunction in force as to Walsh and the company, and denied appellants' motion to dissolve. From the order denying appellants' motion to dissolve, and continuing the injunction in force as modified, appellants prosecute this appeal, in conformity with section 123, chapter 120, R. S., title "Practice."

We express no opinion upon the merits of the controversy between the parties, raised by the pleadings, or the right to maintain the bill or to obtain the relief by that bill sought. We confine our opinion solely to the right of appellee, under the averments of his bill, to the preliminary injunction prayed and granted, and to the question of whether the chancellor erred in not dissolving the injunction when moved to do so by appellants.

The preliminary injunction having been improvidently granted, it is plain that the chancellor erred in not allowing the motion of appellants to dissolve.

There is nothing charged in the bill against appellants—conceding for the purpose of our decision the truth of its every material averment—from which any inference can be drawn of impending damage to appellee or his interests in the company, necessitating a temporary injunction to avert. It is not necessary to consider the question of irreparable injury, for it is clear from the facts averred in the bill that no injunction is needed as a corrective of the wrongs alleged, or to the conservation of the rights and interests of appellee, averred to be jeopardized by such wrongs. Unless it can be seen from the averments of the bill, that some injury to the rights of appellee is liable to intervene without the arresting power of an injunctional order, then none should be issued, and if granted, should, on motion made, be dissolved.

We find, from the averments of fact in the bill, a corporation doing a prosperous business of some years

duration, with ample capital and resources to continue that business successfully, with assets and property of value several times the multiple of its capital stock. The company, its affairs and business, are in the hands of the defendant Walsh as president, under whose care and effort that business has increased from its beginning. Except for the challenged increase of salary to Walsh, no misapplication of the resources or property of the company is charged, the original charge of an *ultra vires* act being out of the case. The business of the company is in active operation, being conducted apparently along the same lines and with the same methods theretofore characteristic of the business management of the company. While the extent of Walsh's financial resources does not appear from the bill, still it does appear from that document that he owns a majority of the stock of the company, which, we judge from the bill, is not worth less than $30,000, making him able financially to respond to any decree which may order him to repay to the company any of the $4,000 a year added to his salary at the last annual meeting of the board, which he may have received. If it shall finally be adjudged that Walsh is not entitled to receive any of the increased salary voted, the company and appellee will be amply protected by a decree annulling that action of the board of directors, and directing Walsh to refund to the company whatever part of such increased salary he may be found to have improperly received. Such relief would be in accord with the prayer of the bill. We cannot see that the injunctional order preserves to appellee any right or gives him any legal advantage that he would not possess without it, or that he cannot obtain upon a final hearing.

We think the rule applicable here is fairly stated in section 10 High on Injunctions (ed. 4) thus: "Where the plaintiff will suffer no immediate injury from the act complained of, and the injury, if any, is of such a nature that it can be as easily remedied upon final

hearing, a preliminary injunction is properly denied.'' Hagerty v. Lee, 45 N. J. Eq. 255; 22 C. Y. C., 762.

For the foregoing reasons the order denying appellants' motion to dissolve the injunction and continuing the injunction in force is reversed, with directions to the Circuit Court to dissolve the injunction as moved by appellants.

*Reversed with directions.*